UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KARLA SONTOSKI, et al.,

Plaintiff(s),

v.

ASSOCIATED HOTELS LLC, et al.,

Defendant(s).

Case No. 2:20-CV-271 JCM (EJY)

ORDER

Presently before the court is Karla and Mark Sontoski's (collectively "plaintiffs") motion to remand. (ECF No. 6). Associated Hotels LLC, HLV Holdings LLC, and Trinity Hotel Asset Management LLC d/b/a Hooters Casino Hotel (collectively "defendants") filed a response (ECF No. 10), to which plaintiffs replied (ECF No. 12).

**I.     Background**

The instant action arises from plaintiff's claims of premises liability. (ECF No. 1-1). Plaintiffs were gambling in the Hooters Casino Hotel when an employee pushed Karla Sontoski to the ground. *Id.* She suffered damages as a result, and the instant action followed. *Id.*

The parties initially intended to mediate their dispute. (ECF No. 6 at 3). To that end, the parties stipulated to extend the time defendants had to file a responsive pleading. *Id.* A discovery dispute arose between the parties, cooperation broke down, and plaintiffs abandoned the prospect of mediation until the discovery dispute was resolved. *Id.* at 3–4.

Plaintiffs filed this action on September 19, 2019. (ECF No. 1-1). Defendants removed this action on February 7, 2020, after the parties' cooperative relationship deteriorated. (ECF No. 1). Plaintiffs now move to remand. (ECF No. 6).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## III. Discussion

Here, the parties do not dispute that the amount in controversy is met or that complete diversity exists. (ECF Nos. 6; 10). The only point of contention is whether defendants' removal was timely. *Id.*

James C. Mahan
U.S. District Judge

- 2 -

As an initial matter, the court finds that defendants received notice of removability when they were served. Indeed, plaintiffs argued as much in their motion to remand. (ECF No. 6 at 5–6). Defendants do not dispute this point. (*See generally* ECF No. 10). "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Moreover, this court has held this rule applies in cases such as here when a party fails to address a portion of the moving party's motion. *Moore v. Ditech Fin., LLC*, No. 2:16-CV-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017), *aff'd*, 710 F. App'x 312 (9th Cir. 2018) (holding that the plaintiff "conceded to dismissal" of a claim "by failing to oppose the defendants' arguments *on this point* in their motion to dismiss" (emphasis added)). Thus, defendants conclusively concedes notice of removability.

Defendants' only argument in support of removal is the notion that the parties' agreement to postpone responsive pleadings in light of mediation also tolled the statutory removal deadline. (ECF No. 10 at 8–10). Defendant relies almost exclusively on the one-year removal period provided by 28 U.S.C. § 1446, subsections (b)(3) and (c)(1). This argument is unavailing, because, as discussed above, the initial pleading was removable.

The only other legal authority defendant presents to suggest that the 30-day period in 28 U.S.C. § 1446(b)(1) can be tolled is an unpublished case from the Northern District of Texas: *Mays v. RPC, Inc.*, 2005 U.S. Dist. LEXIS 4968 at *4–5 (N.D. Tex. March 28, 2005). *Mays* is wholly inapposite to the instant action, however, because the case in *Mays* was dismissed and then reinstated; the 30-day period was tolled only because there was no case to remove during that time period. *Id.*

Although defendant highlights the importance of mediation, they do not present any other cogent argument to support its untimely removal. Because this action was filed in September 2019, defendants' removal was untimely in February 2020. Accordingly, plaintiffs' motion to remand is granted.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the matter of *Sontoski v. Associated Hotels LLC et al.*, case number 2:20-cv-00271-JCM-EJY, be, and the same hereby is, REMANDED to the Eighth Judicial District Court, Clark County, Nevada.

The clerk is instructed to close the case accordingly.

DATED April 3, 2020.

                                            UNITED STATES DISTRICT JUDGE